FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 15 2009 ★

BROOKLYN OFFICE

SOL:JM
(09)01571

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------
HILDA L. SOLIS, Secretary of Labor,          :
United States Department of Labor,
                                             :

              Plaintiff,          :

        v.                                   :

GRACE FOOD DISTRIBUTION, INC.,               :
a Corporation, and BEN KWONG C. CHIU,
Individually and as President;               :

              Defendants.          :
-------------------------------------------------------------

**09        4028**

Civil Action

File No.

**C O M P L A I N T**

KORMAN, J.

CARTER, M.J.

Plaintiff, Hilda L. Solis, Secretary of Labor, United States Department of Labor, brings this action under Section 17 of the Fair Labor Standards Act of 1938, as amended, (29 U.S.C. §201, et seq.), ("the Act"), alleging that Defendants violated Sections 11(c) and 15(a)(5) of the Act.

I.

Jurisdiction of this action is conferred upon the Court by Section 17 of the Act.

II.

Defendant GRACE FOOD DISTRIBUTION, INC. is a corporation duly organized under the laws of the State of North Carolina and is doing business in New York, having an office and place of business at 77-81 N. 1st Street, Brooklyn, New York 11211, within the jurisdiction of this court, where it does business and where defendant is engaged in the food distribution business.

III.

Defendant corporation has regulated the employment of all persons employed by the

corporation, acted directly and indirectly in the corporation's interest in relation to the employees, and is thus an employer of employees within the meaning of Section 3(d) of the Act.

## IV.

Defendant BEN KWONG C. CHIU, who has maintained a place of business at 77-81 N. 1st Street, Brooklyn, New York 11211, within the jurisdiction of this court, is an officer of defendant corporation, in active control and management of defendant corporation, regulates the employment of persons employed by defendant corporation, acts directly and indirectly in the interest of defendant corporation in relation to the employees, and is thus an employer of the employees within the meaning of section 3(d) of the Act.

## V.

The business activities of the Defendants, as described, are related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

## VI.

Defendants have employed employees in and about their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000. Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

VIII.

VII.

Defendants in many workweeks willfully have violated and are still violating the provisions of sections 11(c) and 15(a)(5) of the Act, in that defendants failed to make, keep, and preserve adequate and accurate records of their employees and of the wages, hours, and other conditions of employment which they maintained as prescribed by the Regulations issued and found at 29 C.F.R. Part 516; more specifically, defendants failed to maintain adequate and accurate records of hours worked by and wages paid to employees.

VIII.

Defendants willfully have violated the provisions of the Act as alleged above since at least September 14, 2006.

WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants providing the following relief:

(1)    For an injunction issued pursuant to Section 17 of the Act permanently restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with defendants, from violating the provisions of Sections 11(c) and 15(a)(5) of the Act; and

(2)    For an order awarding Plaintiff the costs of this action; and

(3)   For an order granting such other and further relief as may be necessary and appropriate.

DATED:        September 14, 2009
              New York, New York

CAROL DE DEO
Deputy Solicitor for National Operations

PATRICIA M. RODENHAUSEN
Regional Solicitor

JUDITH MARBLESTONE (JM3226)
Attorney

U.S. Department of Labor
Attorneys for Plaintiff.

POST OFFICE ADDRESS:

Patricia M. Rodenhausen
Regional Solicitor
U.S. Department of Labor
201 Varick Street, Room 983
New York, New York 10014
Tel. 646-264-3678